# Court of Appeals
# of the State of Georgia

ATLANTA, June 10, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2108. IN RE: ESTATE OF KEVIN L. GEORGE.**

In this estate matter, David George filed a petition in probate court, seeking a judicial determination that a vehicle was not an asset of the estate. On May 6, 2026, the probate court entered an order concluding the vehicle was an estate asset and ordering George either to pay the administrator of the estate or to turn over the vehicle to the estate's administrator. George then filed a petition for review in the superior court. Because George has a right of appeal to this Court, the superior court transferred the petition for review.[1]

Although it appears the superior court correctly determined that jurisdiction is proper in this Court, we do not have the record from the probate court.[2] Accordingly, we hereby REMAND this case to the Floyd County Superior Court with direction to

---

[1] Under OCGA § 15-9-123(a), a party in a civil case in probate court shall have the right of appeal to an appellate court without first seeking review in superior court. *Ellis v. Johnson*, 291 Ga. 127, 128(1) n.1 (728 SE2d 200) (2012). A "probate court" is defined as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census[.]" OCGA § 15-9-120(2). According to the 2020 census, the population of Floyd County exceeds 90,000.

[2] Unlike a notice of appeal, a petition for review is filed in the reviewing court. OCGA § 5-3-6. The petition is then served on the lower court, which transmits the record to the reviewing court. OCGA § 5-3-15(a).

REMAND the case to the Floyd County Probate Court. The Floyd County Probate Court shall then TRANSMIT the record to this Court.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 06/10/2026

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*